IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03357-RMR

**THE BAR METHOD FRANCHISOR, LLC,** a Delaware limited liability company,

        Plaintiff,

v.

**HENDERHISER LLC**, a Colorado limited liability company; **BRAVENCE WELLNESS COLLECTIVE LLC**, a Colorado limited liability company, and **LAURA E. HENDERSON**, an individual,

        Defendants.

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

Plaintiff The Bar Method Franchisor, LLC ("The Bar Method") submits this Supplemental Memorandum in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion") against Defendants Henderhiser LLC ("Henderhiser"), Bravence Wellness Collective LLC ("Bravence") and Laura E. Henderson ("Henderson") (collectively "Defendants"). Since the filing of its Motion, The Bar Method has learned of a substantial material fact that impacts its Motion—Defendants are not operating their competitive business two miles away from their former franchised Bar Method® studio as they misrepresented to The Bar Method. They are operating Bravence out of the <u>exact same location as the former franchise</u>. This conduct especially warrants injunctive relief because of Defendants' ability to cause consumer confusion and damage The Bar Method's goodwill.

**BRIEF SUPPLEMENTAL FACTS**

The Bar Method presents this brief statement of supplemental facts to provide information about The Bar Method's recent discovery that the Bravence fitness studio is operating at the same location as the Henderson Defendants' former franchised Bar Method® studio in spite of their representations to the contrary.[1] These new facts are material to the Motion.

I. **Defendants Misrepresent to The Bar Method that Bravence Will Operate at a Separate Location from The Cherry Creek Studio to Induce it to Enter Into the Settlement Agreement.**

In mid-October 2021, the parties began settlement discussions intended to resolve the Minnesota Lawsuit arising out of Defendants' plans to open a competitive barre studio, Bravence. *See* Compl., ¶ 61, Ex. 13. The parties reached an agreement in principal on November 16, 2021. Ex. A. On December 2, 2021, the parties executed the Settlement Agreement which was backdated to December 1, 2021. Compl., Ex. 14.

At all times during the course of settlement negotiations, Bravence advertised that it was opening at the Glendale Site, approximately two miles away from the franchised Cherry Creek Bar Method® Studio. *Id.*, Exs. 4, 6, 7,10 (social media posts using address of Glendale Site and advertisements of opening Bravence at the Glendale Site in the fall of 2021 and post saying the barre studio is moving). During the course of settlement negotiations Henderson also filed an affidavit dated November 10, 2021 in the Minnesota Lawsuit, testifying as follows:

> 4) **Bravence is at a separate location from my former franchised business**. The location is in Glendale, CO versus Denver, CO where The Bar Method was located. Bravence has opened its doors and is not remotely close to being operational . . .

---

[1] The Bar Method uses the same capitalized terms as those used in the Motion.

> 5) Bravence [will operate as] a separate, independent business, which is not even competitive with The Bar Method . . .
>
> * * *
>
> 7) My franchise agreement expires the same day as my business lease, on November 30, 2021.

Motion, Ex. A-2 (Dkt. 2-4), ¶¶ 4-5, 7 (emphasis added).

On December 22, 2021, after this lawsuit was filed, The Bar Method received a copy of an email newsletter from Bravence, informing clients that the transition to the new studio space was taking longer than planned at that Bravence would "continue to operate in our current space on Steele Street until further notice." Ex. B. The Bar Method followed up with an investigation and confirmed that Bravence was indeed operating out of the exact same location as the Henderson Defendants' former franchised Bar Method® studio. Ex. C.

## LEGAL ARGUMENT

**I.   Injunctive Relief is Especially Warranted Since Bravence is Operating Out of the Same Location as the Cherry Creek Studio.**

The Bar Method's Motion establishes that The Bar Method will suffer irreparable harm if Bravence operates a competitive business located at the Glendale Site just two miles from Defendants' former franchised Bar Method® studio. The situation is even more dire with Bravence first opening its studio at the exact same location as the former franchise because of Defendants' ability to now cause consumer confusion and misappropriate The Bar Method's goodwill by offering barre classes from certified Bar Method® instructors in the exact same location in a studio using The Bar Method's studio design specifications and layout. Customers of The Bar Method® enter their former studio and are now taking the same types of classes

3

offered by the same instructors only under a new name. The harm to The Bar Method® system is manifest.

This Court has twice enjoined similar conduct by former franchisees operating fitness studios who opened their competitive studios in the same location as the former franchised businesses and there is no reason to deter from this precedent here. *Fitness Together Franchise, LLC v. EM Fitness, LLC,* No. 1:20-cv-0275-DDD-STV, 2020 WL 6119470, *10 (D. Colo. Oct. 16, 2020) (citation omitted); *Core Progression Franchise LLC v. O'Hare,* No. 21-cv-0643-WJM-NYW, 2021 WL 1222768, *9 (D. Colo. Apr. 1, 2021). In both cases, the Court determined that "[i]njunctive relief is ***especially warranted*** when the ex-franchisee 'operates out of the same location as the former . . .franchise." *Id.* (emphasis added). The Court found that the former franchisees' operation of a competitive fitness business at the same location as the former franchised studio exacerbated the level of irreparable harm because it confused customers of the former franchised studio and damaged the franchisors' goodwill. *Fitness Together Franchise, LLC,* 2020 WL 6119470, *11 ("Every day the . . . [d]efendants operate in the same locations as the former Fitness Together franchises, Fitness Together loses goodwill, customers, and market presence in a way  not easily calculable by damages."); *Core Progression Franchise LLC*, 2021 WL 1222768, *9 (finding irreparable harm and citing the franchisor's testimony that defendants' actions "makes it look like [the franchised] brand went to [the territory] and failed and was a fraud."); *see also Bad Ass Coffee Co. of Hawaii, Inc. v. JH Nterprises, LLC,* 636 F. Supp. 1237, 1249 (D. Utah 2009) ("Defendants' overnight switch [to a competitive business in the same location] may send the message to potential customers that [the franchisor] endorses [Defendants], or that Defendants no longer stand by [the franchisor]. Such messages are likely to erode the [franchisor]'s goodwill in the marketplace.").

The Bar Method is facing the same type of harm here. It thought the situation was grave when it believed Defendants' anti-competitive activities were drawing current and prospective Bar Method® customers to a new studio location two miles away, but it is even more grave now. The operation of Bravence at the same location as the Cherry Creek Studio has elevated the harm suffered by The Bar Method since former customers of the studio are now entering the same location and learning that they can take barre classes offered by The Bar Method® instructors with the only difference being a change of the studio's name and some new merchandise in the lobby. Customers (and even other franchisees) will be led to believe that The Bar Method supports this conduct or that Defendants no longer stand by The Bar Method® brand. The likelihood of consumer confusion and the damage to The Bar Method's goodwill is extreme and injunctive relief is "especially warranted."

Bravence's temporary operation at the former Cherry Creek Studio location provides the opportunity for injunctive relief to have a significant impact on preventing additional irreparable harm to The Bar Method. The immediate grant of injunctive relief will prevent The Bar Method's Denver client base from getting uprooted to the new Bravence location once it opens in Glendale. Injunctive relief prohibiting Bravence from operating any fitness business, whether at the Cherry Creek Studio location or at its new Glendale Site, will best position The Bar Method to preserve its Denver customer base and other goodwill since consumers are drawn to The Bar Method's unique instruction methods and The Bar Method® brand may transition to classes offered by the neighboring studio or online without encountering the disruption and confusion of being diverted to a new physical location offered by a competitor. Injunctive relief is especially warranted here.

**II.    The Likelihood of The Bar Method Prevailing on the Merits of its Fraud Claim is Increased Since Defendants Fraudulently Represented Where Bravence Would Operate.**

The new facts regarding Bravence's operating at the same location as the Cherry Creek Studio also support the finding that The Bar Method is likely to prevail on its fraud claim to rescind the Settlement Agreement and enforce the restrictive covenants in the Franchise Agreement. There is no room for dispute that Defendants represented, through Henderson's testimony under oath to the Minnesota Court that the Henderson Defendants' lease for the Cherry Creek Studio was expiring on November 30, 2021 and that Bravence would operate at a different location. Motion, Ex. A-2 (Dkt. 2-4), ¶¶ 4-5, 7. Defendants' representations that they would not operate a fitness business at the same location as the Cherry Creek Studio were material to The Bar Method, who agreed to narrow the scope of Defendants' noncompete restrictions to allow them to operate a non-barre fitness busines, with the understanding that Defendants had no rights to continue occupying the same space as the Cherry Creek Studio.

Defendants either knew the misrepresentations were false at the time they made them on November 10, 2021 or, at a minimum, Defendants knew they were making a material omission by failing to inform The Bar Method they obtained a lease extension and intended to open Bravence in the same location. This material information was known to Defendants before the Settlement Agreement was signed on December 2, 2021, two days after the lease for the Cherry Creek Studio was set to expire as represented by Henderson and two days into Bravence's operations at the same location as the franchised studio. By the time the Settlement Agreement was signed, Defendants had already obtained permission from the landlord to continue operating in the same space as their former Bar Method® studio. Defendants never informed The Bar Method that they obtained a lease extension or that they intended to operate out of the same

location and therefore fraudulently induced The Bar Method to enter into the Settlement Agreement.

Defendants' representations that Bravence would not operate at the same location as their former franchised Bar Method® studio were material to induce The Bar Method to enter into the Settlement Agreement. Had The Bar Method known Defendants intended to operate out of the same location as the Cherry Creek Studio, even if only temporarily, The Bar Method never would have agreed to allow Defendants to engage in any other fitness business because of the customer confusion such activity would cause and because it would allow Defendants even more opportunity to come into contact with Bar Method® customers to divert them to Bravence. Defendants engaged in a pattern of making false representations to Defendants to dupe them into agreeing to enter into a settlement that Defendants never intended to abide by. The Bar Method is likely to prevail on its fraud claim to rescind the Settlement Agreement and enforce the covenants against competition in the Franchise Agreement prohibiting Defendants from operating Bravence or any other fitness busines at the former Cherry Creek Studio location, at the Glendale Site, or within five miles of any other Bar Method® studio.

## CONCLUSION

Defendants had no intention of operating an independent fitness business that would not compete with The Bar Method's barre-based fitness classes. Instead, Defendants duped The Bar Method on representations that it would not teach barre, would not use The Bar Method's proprietary and other confidential information, and that their new business would not operate at the same location. The Bar Method is suffering immeasurable harm caused by Defendants' misrepresentations and anti-competitive conduct, however the issuance of injunctive relief before

Bravence opens its doors at a new location will help protect The Bar Method from the complete decimation of its Denver client base. The Bar Method requests its Motion be granted.

Dated: December 27, 2021 /s/ *Kelley B. Duke*
Kelley B. Duke, Atty. Reg. #35168
Ireland Stapleton Pryor & Pascoe, PC
717 17th Street, Suite 2800
Denver, Colorado 80202
(303) 623-2700
*kduke@irelandstapleton.com*

Dated: December 27, 2021 /s/ *Susan E. Tegt*
Susan E. Tegt, Esquire (MN 0387976)
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive
Suite 1000
Minneapolis, Minnesota 55437-1060
(952) 835-3800
*stegt@larkinhoffman.com*

*Attorneys for Plaintiff The Bar Method Franchisor, LLC*

4866-9989-7864, v. 1